Louis W. SILVERII, Administrator of the Estate of Dominick J. Mash, Deceased,

v.

Wilson KRAMER
and
John W. Price.
Civ. A. No. 22052.

United States District Court
E. D. Pennsylvania.
Jan. 30, 1962.

Montgomery, McCracken, Walker & Rhoads, by Sidney L. Wickenhaver and Albert Shaw, Jr., Philadelphia, Pa., John D. Lyons, Jr., Greensburg, Pa., for plaintiff.

Howard R. Detweiler, Philadelphia, Pa., for defendants.

WOOD, District Judge.

This is a rear-end collision case in which plaintiff's decedent drove his trac- tor-trailer squarely into the rear of defendant's coal truck. The accident occurred at approximately 2:30 a.m. on December 3, 1956, on Route 22 in Whitehall Township, about one mile north of Allen- town, Pennsylvania. The plaintiff presented evidence which established the following.

Defendant Price, operator of the coal truck, had a flat tire and stopped to fix it at a point on Route 22 where the Fullerton Road exit forms a "V" with the highway. Price parked on the berm or "V" and changed the tire. Before he got into the cab of the truck, he looked back up the highway and did not see any lights coming. It was shown that the view from that point was at least 730 feet up to the crest of a slight grade in the road. Price then got into the cab, shifted into second gear, looked in the rear-view mirror and saw no lights coming, then proceeded forward. The coal truck had entered the highway, straightened away in the right hand lane, and was proceeding about 25 to 30 miles per hour when it was struck by decedent's tractor-trailer. The distance traveled by the coal truck before the impact was 105 feet; the impact hurled the loaded coal truck forward another 190 feet. Plaintiff's decedent was killed immediately.

■ At the conclusion of plaintiff's presentation of evidence establishing the above facts, defendants moved to dismiss the action.[1] Defendants argued that plaintiff had failed to produce evidence sufficient for a jury to find defendant Price negligent, and that plaintiff's evidence had *conclusively* shown that plaintiff's decedent was contributorily negligent. The trial judge's evaluation of the

plaintiff's evidence was then, and continues to be, that plaintiff could not recover. At the time of the argument on the motion to dismiss, the following colloquy occurred between the trial judge and plaintiff's counsel:

Mr. Wickenhaver: "If Your Honor please, the evidence is of course largely circumstantial."

The Court: "I agree with that * * * But it is circumstantially against you." (NT P. 84)

\* \* \* \* \* \*

The Court: "You know just as well as I do that a Pennsylvania driver is required to be able to stop within a clear distance ahead. There was nothing to obstruct his [decedent's] view." (NT P. 86)

\* \* \* \* \* \*

Mr. Wickenhaver: "The proximate cause of the accident is the sudden entrance of the coal truck onto the highway at a time too late for the decedent to avoid it."

The Court: "It can't be sudden when he got on the highway and traveled 105 feet and was straightened away and was moving along at 25 or 30 miles an hour in his own lane of traffic. You can't call that sudden * * *." (NT PP. 90, 91).

\* \* \* \* \* \*

The Court: "* * * I still don't understand how you get around the assured clear distance ahead theory when your own evidence shows there was absolutely nothing to obstruct this man's view for 700 feet before this accident happened * * *." (NT P. 99).

We quote this portion of the record here because it expresses succinctly the principal contention of plaintiff, our answer to that contention, and our belief that the operation of the assured clear distance rule controlled this case. The jury,

---

1. A motion to dismiss, in the nature of a demurrer to the evidence, and a motion for a directed verdict, both test the sufficiency of the evidence to support a verdict. In the case at bar, we have treated the defendants' motion to dismiss as a motion for a directed verdict. See Moore's Federal Practice, Vol. 5, Page 2318.

however, was permitted to consider the case [2] and it returned a verdict for the plaintiff. The defendants then duly filed the motions presently before us.

Having considered the briefs and arguments of both counsel, we have concluded that the defendants' motion for a directed verdict should have been granted on the ground that the plaintiff's evidence proved conclusively that the decedent was contributorily negligent.

We are brought to this conclusion by a comparison of the case at bar with the case of Makowsky v. Povlick, 262 F.2d 13, (3rd Cir. 1959). The facts proved in that case by the plaintiff were as follows. Plaintiff's decedent ran into the rear of defendant's tractor-trailer, killing the decedent. The accident occurred at night on a four lane highway just at, or slightly over, the crest of a hill. Both vehicles were proceeding north in the eastern-most right hand lane. After the accident, the rear of defendant's trailer was located between 10 to 15 feet north of the point where a private circular driveway met the highway.[3] Both the tractor and the trailer were mostly in the eastern-most lane, the tractor pointing slightly downhill. None of the rear lights on the trailer were operating. At the conclusion of the plaintiff's evidence, the trial judge granted the defendant's motion to dismiss. On appeal, the Court of Appeals for the Third Circuit affirmed, and held that although the defendant was negligent in failing to have the trailer equipped with the rear lights required by law, the evidence also proved conclusively that the plaintiff's decedent was contributorily negligent in failing to have his vehicle under such control that he could stop within the assured clear distance ahead.

In the case at bar, as in the Makowsky case, supra, plaintiff's counsel attempted to avoid the application of the assured clear distance rule to the decedent by arguing that the defendants' truck pulled out suddenly onto the highway. The court of appeals in the Makowsky case rejected this argument, stating that since the rear of the trailer was located at least 10 feet from the driveway, the truck must have been on the highway for an appreciable length of time before the accident, and therefore, it must have been visible to the plaintiff's decedent. That rationale applies with even more force in the case at bar. Here the coal truck was struck 105 feet from the point on the berm where it had been parked. Its rear lights were on and visible 730 feet to the rear. It is undisputed that the coal truck had proceeded to a point where it was entirely on the highway and straightened away when it was struck by decedent's truck; not in its side, but squarely in the rear of defendant's truck. All of these facts negate plaintiff's argument that the defendant's truck came "suddenly" out onto the highway into the path of the decedent.

Plaintiff has cited several cases which hold that the assured clear distance rule does not apply when a driver rams into the back of a vehicle which had abruptly pulled out in front of such driver. But these cases obviously have no application in the case at bar where the evidence establishes that the coal truck did *not* pull out abruptly.

Plaintiff states in his brief:

"Defendants introduced no evidence whatever as to how long he [Price] was on the highway before impact. As long as defendants' truck was still off the highway, parallel to it, *even though in motion,* decedent was not bound to anticipate that it would suddenly turn onto the highway in front of him when defendant gave no notice of such an intent."

2. In deciding to allow the case to go to the jury, the Trial Judge stated to plaintiff's counsel:

"That is the only bare thread you have to hang on, to even have this case go to a jury, that one point as to whether he [Price] should have seen the truck, and that to my way of thinking is almost anybody's guess." (NT P. 94).

3. The plaintiff's witnesses could not agree on the distance from the rear of the trailer to the exit of the driveway.

(Plaintiff's brief, P. 20). (Emphasis supplied.)

And on that same point:

"This is not to say that he [decedent] could assume that defendant would not violate his right of way if he were put on notice that the defendant was violating it or about to violate it. But there is no evidence that any such notice was given to him \* \* \* (Plaintiff's brief, P. 23).

■ We cannot agree that decedent was given no notice that the coal truck was about to enter the highway. The view from the crest of the hill as decedent came down it revealed the coal truck, either moving along the berm, or partially on the highway, or entirely on the highway. In any case, we think that the decedent was under a legal duty to observe the motion of the coal truck and to have his vehicle under such control that he could have stopped, or at least moved into the left hand lane of the four lane highway, when the coal truck was obviously beginning its entrance onto the highway. The evidence is that Price started the coal truck moving parallel to the highway and had entered it 105 feet from the point from which he began to move. This was certainly not a "sudden" entrance onto the highway. Decedent having failed to have his vehicle under proper control, we hold that he was contributorily negligent as a matter of law. The verdict in favor of the plaintiff will be set aside and judgment n. o. v. in favor of the defendants will be entered.

■■ If we are found to be in error in granting the motion for judgment n. o. v., we now grant a new trial in the event that the judgment n. o. v. is reversed. When ruling on a motion for a new trial, it is within the province of the trial judge to declare which inferences from circumstantial evidence preponderate.[4] We think that the verdict of the jury was contrary to the weight of the evidence and that the circumstantial evidence preponderated in favor of the conclusions that the defendants were not negligent but that the plaintiff's decedent was.

### ORDER

And now, to wit, this 30th day of January, 1962, IT IS HEREBY ORDERED that the defendants' motion for judgment n. o. v. is GRANTED. The Clerk is directed to vacate the judgment heretofore entered and to enter instead judgment in favor of both defendants and against the plaintiff.

If this judgment is reversed by the Court of Appeals, the defendants' motion for a new trial is GRANTED.

---

4. Gash v. Lautzenheizer, 405 Pa. 312, 318, 176 A.2d 90.